UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES W. GOULD, | : |
| Petitioner, | : Civ. No. 18-9406 (NLH) |
| v. | : OPINION |
| WILLIE BONDS, et al., | : |
| Respondents. | : |

Petitioner Charles W. Gould ("Petitioner"), a prisoner presently incarcerated at South Woods State Prison in Bridgeton, New Jersey, brought a petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus before this Court. See ECF No. 1. At the time of filing, Petitioner concurrently submitted an application to proceed *in forma pauperis* ("IFP"), which was granted. See ECF Nos. 2, 3. On September 30, 2019, this Court issued an Opinion and Order denying Petitioner's habeas petition. See ECF Nos. 11, 12.

On November 1, 2019, Petitioner filed a notice of appeal, as well as an application to proceed IFP on appeal. See ECF Nos. 13, 14. Pursuant to Federal Rule of Appellate Procedure 24(a)(1), a court may grant a petitioner IFP status on appeal where the petitioner shows, in the detail required by Form 4 of the Appendix of Forms, that he is unable to pay or to give

security for the fees and costs on appeal. A petitioner must also state the issues that he intends to present on appeal. See Fed. R. App. P. 24(a)(1).

Under Local Appellate Rule 24.1(c), a prisoner seeking IFP status on appeal of the denial of a habeas petition,[1] must file "an affidavit of poverty in the form prescribed by the Federal Rules of Appellate Procedure accompanied by a certified statement of the prison account statement(s) (or institutional equivalent) for the 6 month period preceding the filing of the notice of appeal." L. App. R. 24.1(c).

Here, Petitioner's application for IFP status does not include an affidavit of poverty or a six-month prison account statement certified by a prison official. Petitioner's application also does not include the issues he intends to raise on appeal. Petitioner has thus failed to comply with the applicable rules and his motion must be denied without prejudice until such time as he has cured these deficiencies.

For the reasons set forth above, Petitioner's motion for leave to proceed *in forma pauperis* on appeal is denied without prejudice. Petitioner may file another application for leave to

---

[1] Paragraph (c) of Local Appellate Rule 24.1 applies to "cases filed in which 28 U.S.C. § 1915(b) does not apply." L. App. R. 24.1(c). The Third Circuit has held that § 1915(b) does not apply to habeas petitions or to appeals of denials of habeas petitions. See Santana v. United States, 98 F.3d 752, 756 (3d Cir. 1996).

proceed *in forma pauperis* on appeal within 30 days of this Opinion and accompanying Order.  If Petitioner wishes to refile his application, he must do so by filing a new application accompanied by a certified, six-month prison account statement and a statement of the issues he intends to raise on appeal.  An appropriate Order follows.


Dated: November 5, 2019              s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.